Neff, J.
 

 We granted the prosecutor’s delayed application for leave to appeal the trial court’s order granting defendant’s motion for relief from judgment and reducing defendant’s 1986 conviction of first-degree felony murder to second-degree murder and directing that he be resentenced. We reverse and reinstate defendant’s first-degree felony-murder conviction.
 

 i
 

 This case is on appeal from the circuit court for the second time since defendant’s 1986 jury conviction of assault with intent to rob while unarmed (awir-u), MCL 750.88; MSA 28.283, and first-degree felony murder, MCL 750.316; MSA 28.548. Defendant shot and killed a man who intervened in defendant’s attempted purse-snatching from a woman outside a Kmart store in Ypsilanti Township. Defendant was sentenced to ten to fifteen years’ imprisonment for the underlying assault conviction, which the court vacated upon sentencing defendant to life imprisonment for the felony-murder conviction. Defendant appealed his convictions, claiming that there was insufficient evidence of awir-u. This Court found otherwise and affirmed the convictions.
 
 [1]
 

 In March 1999, defendant filed a motion for relief from judgment, MCR 6.508, seeking reversal of his conviction of first-degree felony murder on the ground that awir-u was not an underlying felony for
 
 *243
 
 purposes of a felony-murder conviction.
 
 [2]
 
 The circuit court agreed and ordered that defendant’s first-degree felony-murder conviction be reduced to second-degree murder and that defendant be resentenced. This Court granted the prosecutor’s delayed application for leave to appeal.
 

 n
 

 This appeal presents an issue of first impression: Whether the offense of awir-u is a predicate offense under the felony-murder statute, MCL 750.316(l)(b); MSA 28.548(l)(b), thereby supporting defendant’s conviction of first-degree felony murder. We hold that awir-u is a predicate felony that supports defendant’s conviction of felony murder under MCL 750.316(l)(b); MSA 28.548(l)(b).
 

 A
 

 This issue requires our interpretation of statutory language under the felony-murder statute, MCL 750.316(l)(b); MSA 28.548(l)(b), which, at the time of defendant’s conviction
 
 [3]
 
 provided:
 

 
 *244
 
 Murder . . . committed in the perpetration, or attempt to perpetrate arson, criminal sexual conduct in the first or third degree, robbery, breaking and entering of a dwelling, larceny of any kind, extortion, or kidnapping, is murder of the first degree, and shall be punished by imprisonment for life.
 

 In interpreting statutory language, courts must ascertain and give effect to the intent of the Legislature.
 
 People v Juma Reeves,
 
 448 Mich 1, 8-9; 528 NW2d 160
 
 (1995); People v Stanaway,
 
 446 Mich 643, 658; 521 NW2d 557 (1994). Statutory language should be construed reasonably and in keeping with the purpose of the act.
 
 People v Garvin,
 
 235 Mich App 90, 98; 597 NW2d 194 (1999).
 

 1
 

 Defendant argues that awir-u is not an enumerated offense under the felony-murder statute, nor is it encompassed within the statutory groupings of “robbery” or “larceny of any kind.” The thrust of defendant’s argument is that awir-u is an assault crime, as demonstrated by codification in the assault chapter
 
 [4]
 
 of the Penal Code rather than the robbery or larceny chapters.
 
 [5]
 
 Defendant contends that crimes of assault are necessarily merged into the homicide itself, and, therefore, the Legislature did not intend that assault offenses serve as the basis of a felony-murder conviction. Further, defendant contends that the common-law classification of robbery as an aggravated theft,
 
 *245
 
 not aggravated assault, remains valid under robbery statutes and precludes classifying AWIR-U as robbery for purposes of the felony-murder statute. We disagree.
 

 
 *216
 
 I find that it’s not appropriate for the Court to make the giant leap that had he known he would have provided the support. Or had he gotten better counseling from the adoption agency, he would have put in for confinement expenses or whatever. I don’t think the law permits the Court to make that kind of leap. ... He certainly had the ability to contribute something had he wanted to do that, even if it was only care and concern and a ride to the doctor or something. He wasn’t able to do that, and he didn’t do it. [T]he court, therefore, finds that we can’t malee the leap that he’s a Section 2 father because there was no support, and for whatever reason, I don’t believe he qualifies under Section 2.
 

 
 *245
 
 2
 

 Although the crime of awir-u is found in the Penal Code in the chapter on assaults, we do not find this fact dispositive of the issue in this case. We find this case distinguishable from the circumstances in
 
 People v
 
 Gimotty, 216 Mich App 254, 258; 549 NW2d 39 (1996), where this Court indicated that the Legislature’s placement of first-degree retail fraud in the larceny chapter of the Penal Code was persuasive evidence in determining whether retail fraud could be considered “larceny of any kind” under the felony-murder statute. We agree with the
 
 Gimotty
 
 Court that the inclusion of retail fraud in the larceny chapter supports a conclusion that the offense falls within the larceny group of offenses, enumerated by the Legislature as “larceny of any kind.” However, we do not find the converse argument valid with regard to whether awir-u constitutes the enumerated offense of robbery.
 

 Further, we are not persuaded by defendant’s argument that awir-u may be distinguished from robbery in that it is an assault crime rather than a theft crime. The elements of AWIR-U are “ ‘(1) an assault with force and violence, (2) an intent to rob and steal, and (3) defendant being unarmed. . . .’ ”
 
 [6]
 

 People v Fred Reeves,
 
 458 Mich 236, 242; 580 NW2d 433 (1998), quot
 
 *246
 
 ing
 
 People v Sanford,
 
 402 Mich 460, 474, n 1; 265 NW2d 1 (1978). The essence of the offense is an intent to commit robbery.
 

 The Criminal Jury Instruction for awir-u, CJI2d 18.4, which was given to the jury in this case, provides:
 

 (1) The defendant is charged with the crime of assault with intent to commit robbery while unarmed. To prove this charge, the prosecutor must prove each of the following elements beyond a reasonable doubt:
 

 (2) First, that the defendant assaulted [the complainant] with force and violence. . . .
 

 (3) Second, that at the time of the assault
 
 the defendant intended to commit robbery. Robbery occurs when a person assaults someone else and takes money or property from [him/her] or in [his/her] presence, intending to take it from the person permanently.
 
 It is not necessary that the crime be completed or that the defendant have actually taken any money or property. However, there must be proof beyond a reasonable doubt that at the time of the assault the defendant intended to commit robbery. [Emphasis added.]
 

 An attempt to commit an enumerated offense constitutes a predicate felony under the felony-murder statute. See MCL 750.316(1)(b); MSA 28.548(1)(b);
 
 People v Hutner,
 
 209 Mich App 280, 284; 530 NW2d 174 (1995). In order to convict defendant of awir-u, the jury necessarily found that defendant intended to commit a robbery. CJI2d 18.4.
 

 Although our courts have recognized that the offenses of attempted unarmed robbery and awir-u are not identical crimes in terms of the general
 
 *247
 
 attempt statute,
 
 [7]
 

 Fred
 
 Reeves,
 
 supra
 
 at 241-242, citing
 
 Sanford, supra,
 
 we do not find the distinction significant for purposes of the felony-murder statute. In fact, in distinguishing between these crimes, the Supreme Court noted that the crime of awir-u “is always more dangerous vis-a-vis potential victims.”
 
 Sanford, supra
 
 at 474, n 1. The purpose of Michigan’s felony-murder statute is to graduate punishment, raising an established murder to the first-degree level.
 
 People v Jones,
 
 209 Mich App 212, 215; 530 NW2d 128 (1995). The Legislature could not have intended that the crime of attempted unarmed robbery, but not awir-u, the more dangerous of the two crimes, serve as the basis for a felony-murder conviction.
 

 Moreover, robbery itself is primarily an assaultive crime,
 
 People v Hendricks,
 
 446 Mich 435, 449; 521 NW2d 546 (1994), and it is the assaultive nature of the crime that distinguishes it from the offense of larceny from the person,
 
 People v LeFlore,
 
 96 Mich App 557, 560-561; 293 NW2d 628 (1980). See also
 
 People v Douglas (On Remand),
 
 191 Mich App 660, 664; 478 NW2d 737 (1991) (discussing and distinguishing robbery-related offenses). Defendant’s argument that assault crimes are merged into the homicide and therefore cannot serve as the basis of a felony-murder conviction has previously been rejected by this Court.
 
 Jones, supra
 
 at 214-215. Michigan’s felony-murder statute makes no distinctions for the commission of enumerated felonies with assaultive intent against the murder victim.
 
 Id.
 
 at 215. We are satisfied that defendant’s conviction of AWIR-U falls within the predi
 
 *248
 
 cate offense of robbery under the felony-murder statute.
 

 B
 

 The trial court erred in concluding that awir-u is not a predicate felony under the felony-murder statute. Defendant’s conviction of first-degree felony murder is reinstated. Defendant is not entitled to resentencing.
 

 in
 

 Having found that defendant’s conviction was supported by an enumerated offense under the felony-murder statute, we do not address the prosecution’s remaining issue whether defendant’s motion for relief from judgment was properly granted under MCR 6.508.
 

 Reversed.
 

 [1]
 

 People v Ross,
 
 unpublished opinion per curiam of the Court of Appeals, issued July 14, 1988 (Docket No. 95798).
 

 [2]
 

 Defendant also filed a motion for relief from judgment in December 1990, alleging various trial errors. The circuit court denied the motion, concluding that defendant had not shown good cause for failing to raise the issues on appeal, as required by MCR 6.508(D)(3).
 

 [3]
 

 The felony-murder statute has been amended since defendant’s conviction; however, the statutory changes do not affect our analysis of the issue on appeal. The statute now provides in relevant part:
 

 Murder committed in the perpetration of, or attempt to perpetrate, arson, criminal sexual conduct in the first, second, or third degree, child abuse in the first degree, a major controlled substance offense, robbery, carjacking, breaking and entering of a dwelling, home invasion in the first or second degree, larceny of
 
 *244
 
 any kind, extortion, or kidnapping. [MCL 750.316(l)(b); MSA 28.548(l)(b).]
 

 [4]
 

 Chapter XI.
 

 [5]
 

 Chapters LXXVIII and LE, respectively.
 

 [6]
 

 MCL 750.88; MSA 28.283 provides: Any person, not being armed with a dangerous weapon, who shall assault another with force and violence,
 
 *246
 
 and with intent to rob and steal, shall be guilty of a felony, punishable by imprisonment in the state prison not more than fifteen years.
 

 [7]
 

 MCL 750.92; MSA 28.287. Awir-u requires a criminally assaultive act, while attempted unarmed robbery may or may not include a criminal assault.
 
 Sanford, supra
 
 at 473-474 & 474, n 1.