*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 05a0323p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

THOMAS ROSS,

        *Petitioner-Appellant,*

*v.*

MARY BERGHUIS, Warden,

        *Respondent-Appellee.*

No. 03-2523

>

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 02-74632—John Corbett O'Meara, District Judge.

Argued: April 21, 2005

Decided and Filed: August 2, 2005

Before: BOGGS, Chief Judge; ROGERS, Circuit Judge; SHADUR, District Judge.[*]

---

## COUNSEL

**ARGUED:** Tracy K. Stratford, JONES DAY, Cleveland, Ohio, for Appellant. Raina I. Korbakis, OFFICE OF THE ATTORNEY GENERAL, Lansing, Michigan, for Appellee. **ON BRIEF:** Tracy K. Stratford, JONES DAY, Cleveland, Ohio, for Appellant. Laura Graves Moody, OFFICE OF THE ATTORNEY GENERAL, Lansing, Michigan, for Appellee.

---

## OPINION

ROGERS, Circuit Judge. Thomas Ross was convicted in Michigan of first-degree felony murder, based on the jury's finding that Ross committed assault with intent to rob while unarmed ("AWIR-U"). Ross was sentenced to life in prison without the possibility of parole. Ross petitioned for habeas corpus, arguing that AWIR-U does not form a predicate offense for felony murder, and that Ross was therefore denied due process when he was convicted of first-degree murder. The State of Michigan moved for summary judgment, arguing that Ross's habeas petition was untimely. The district court granted summary judgment. Ross contends that the district court should have equitably tolled the limitations period of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), because Ross was actually innocent. Even if one assumes that equitable tolling may

---

[*]The Honorable Milton I. Shadur, United States District Judge for the Northern District of Illinois, sitting by designation.

apply to assertions of innocence of the penalty, Ross cannot prove that he was actually innocent, because Michigan recognizes AWIR-U as a predicate offense for felony murder. We affirm.

The Michigan Court of Appeals stated the following facts in affirming Ross's murder conviction:

> Defendant, Thomas Edward Ross, was convicted by a jury of first-degree felony-murder, [Mich. Comp. Laws] 750.316. . . . On August 8, 1986, the Washtenaw circuit court imposed a term of imprisonment of ten to fifteen years for the underlying assault conviction, which it then vacated upon imposing a life term of imprisonment for the felony-murder conviction. On appeal, defendant argues that the evidence at trial was insufficient to support his conviction. . . . [T]his case involves the fatal shooting of Donald Schroeder on January 25, 1986, just outside a Kmart store on Washtenaw Avenue in Ypsilanti Township. Essentially, Mr. Schroeder had come to the aid of a woman who was accosted by two purse snatchers, including defendant, and, during a struggle, had been shot in the heart by one of the assailants. He died instantly.

The trial judge instructed the jury that in order to find Ross guilty of first-degree felony murder, it must determine that he acted with intent to cause the victim's death, and that "at the time [of the killing of Donald Schroeder], [Ross] was committing or attempting to commit or assisting another in the commission of the crime of Assault with Attempt to Rob being unarmed."

On appeal, Ross challenged the sufficiency of the evidence to support the jury's finding that he committed AWIR-U, and his conviction for first-degree felony murder. The Michigan Court of Appeals affirmed the conviction, finding that testimony established that Ross assaulted the owner of the purse with force, and that he had an intent to rob or steal. Therefore, the court found, the jury could reasonably find the elements of AWIR-U to be met. Ross did not appeal the decision to the Michigan Supreme Court.

Ross first applied for state postconviction relief in 1990. The application, which does not form part of the record here, was denied. Ross again sought state postconviction relief in March 1999. His application alleged he was wrongfully convicted of first-degree murder because AWIR-U was not a predicate offense for felony murder. The Michigan trial court granted Ross's motion for relief from judgment and directed that Ross be resentenced for second-degree murder. The Michigan Court of Appeals reversed, holding that AWIR-U was a predicate offense. *People v. Ross*, 618 N.W.2d 774 (Mich. Ct. App. 2000). At the time of Ross's conviction, Michigan's felony-murder statute provided:

> Murder . . . committed in the perpetration, or attempt to perpetrate arson, criminal sexual conduct in the first or third degree, robbery, breaking and entering of a dwelling, larceny of any kind, extortion, or kidnapping, is murder of the first degree, and shall be punished by imprisonment for life.

Mich. Comp. Laws § 750.316 (1968), *amended* by 1980 Mich. Pub. Acts No. 28.[1] Michigan's AWIR-U offense provides: "Any person, not being armed with a dangerous weapon, who shall assault another with force and violence, and with intent to rob and steal, shall be guilty of a felony, punishable by imprisonment in the state prison not more than 15 years." Mich. Comp. Laws § 750.88 (2004). The Michigan Court of Appeals reasoned that, although AWIR-U is classified under Michigan law as assault rather than as attempted robbery, AWIR-U contains elements similar to those of attempted unarmed robbery, and is in fact viewed as a more dangerous crime than attempted unarmed robbery under Michigan law. *Ross*, 618 N.W.2d at 777. Noting that robbery is often viewed as an assault offense, the court concluded that the Michigan legislature could not have intended to exclude AWIR-U as a predicate for felony murder, when it had included the lesser offense of attempted unarmed robbery. *Id.*

The Michigan Supreme Court on November 20, 2001, vacated the Court of Appeals' opinion, affirming on different grounds. *People v. Ross*, 638 N.W.2d 746 (Mich. 2001). The Supreme Court found that Ross was not entitled to relief because he did not show good cause for failing to raise on appeal or in a prior postconviction motion his argument that AWIR-U is not a predicate for felony murder. *Id.*

On November 20, 2002, Ross filed a petition for habeas corpus in the United States District Court for the Eastern District of Michigan. His habeas petition alleges that his conviction for felony murder denied him due process of law because AWIR-U is not a proper predicate for felony murder. Further, the petition alleges, Ross "is actually innocent, because the crime for which he is incarcerated does not exist." The State of Michigan moved for summary judgment on the grounds that Ross failed to comply with the AEDPA statute of limitations for prisoners appealing state convictions, 28 U.S.C. § 2244(d).

Because Ross's conviction became final before the AEDPA effective date, the statute of limitations on Ross's habeas claim expired on April 24, 1997, one year after the effective date. *Griffin v. Rogers*, 399 F.3d 626, 631-632 (6th Cir. 2005). Ross's March 1999 application for state postconviction relief did not toll the limitations period, because he applied after the AEDPA limitations period ended. *See* 28 U.S.C. § 2244(d)(2). Further, Ross did not argue that the limitations period should have run from the date of a new factual discovery or the recognition of a new constitutional right creating his claim.[2] *Id.* § 2244(d)(1)(C)-(D). The district court found that

---

[1]Today, the same statute provides:

> A person who commits any of the following is guilty of first degree murder and shall be punished for life: . . .
>
> Murder committed in the perpetration of, or attempt to perpetrate, arson, criminal sexual conduct in the first, second, or third degree, child abuse in the first degree, a major controlled substance offense, robbery, carjacking, breaking and entering of a dwelling, home invasion in the first or second degree, larceny of any kind, extortion, kidnapping, or vulnerable adult abuse in the first and second degree under section 145n.

Mich. Comp. Laws § 750.316 (2004). The changes have no bearing on the questions presented in this case.

[2]The AEDPA statute of limitations for habeas petitions by state prisoners provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented

Ross was not eligible for equitable tolling under the standard of *Dunlap v. United States,* 250 F.3d 1001, 1008 (6th Cir. 2001), which takes into account, inter alia, whether the petitioner lacked notice of the filing requirement, and whether late filing does not prejudice the respondent. The court also found that, assuming that proof of actual innocence may form a second situation authorizing equitable tolling, Ross had not made this showing. The court, citing *Schlup v. Delo*, 513 U.S. 298, 324 (1995), found that Ross had provided no "new reliable evidence" proving actual innocence. Further, the court assumed that if an actual innocence exception existed, the petitioner must show (as he must under *Dunlap* equitable tolling) reasonable diligence in pursuing his claim. The court found that Ross could not make this showing since he first contended that AWIR-U could not support a felony-murder conviction in his second postconviction application, ten years after his conviction became final. Ross then waited a full year after the conclusion of that matter to petition for habeas corpus. Therefore, the court granted the State's motion for summary judgment. Ross timely appealed.

Ross's petition is untimely, and the district court properly granted summary judgment. Ross does not argue that he has complied with AEDPA's statute of limitations; further, Ross does not contend that *Dunlap* tolling applies. Therefore, the only issue is whether the district court should have equitably tolled the limitations period because Ross was actually innocent. First, this case does not fit within the actual innocence equitable tolling rule recognized in *Souter v. Jones,* 395 F.3d 577 (6th Cir. 2005), because Ross does not claim that he did not commit the acts forming the basis for his conviction, and because he has not provided new exculpatory evidence. Second, even if one assumes that *Souter*'s rule extends to claims of innocence of a non-capital penalty, Ross has not proven he was innocent of the penalty of life imprisonment. A Michigan court has held that attempted robbery is a lesser-included offense within assault with intent to rob, and therefore assault with intent to rob may form a predicate offense for felony murder. *People v. Akins,* 675 N.W.2d 863 (Mich. Ct. App. 2003).

Two distinct categories of actual innocence grew out of habeas corpus cases, permitting a court to reach the merits of defaulted, successive, or abusive habeas claims. Ross seeks to invoke a theory of equitable tolling grounded in one category, when, as he concedes in his brief, the facts of his case more closely resemble the second category. Where a habeas petitioner fails to show cause and prejudice for procedural default, a habeas court may still consider the barred claim "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier,* 477 U.S. 478, 496 (1986) (dictum). Under one form of actual innocence, the petitioner must demonstrate that "new reliable evidence" proves that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup,* 513 U.S. at 327 (applying this rule to a claim barred as abusive). Such actual innocence does not form a claim in itself, but instead only a "gateway" showing that permits an otherwise-barred abusive or successive petition, or lifts a procedural bar. *Id.* at 315. In *Souter v. Jones*, 395 F.3d 577 (6th Cir. 2005), this court recognized an actual innocence ground for equitably

---

from filing by such State action;

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

tolling AEDPA's statute of limitations, with the same contours as the *Schlup* rule.[3] Following *Schlup*, *Souter* requires the petitioner to prove that new reliable evidence establishes his innocence by a more-likely-than-not standard. *Id.* at 602.

Ross's case falls outside *Souter*, and precedent therefore does not require equitably tolling the statute of limitations on his petition. Ross does not claim to have provided new evidence, as required by *Souter*; he does not argue that he did not commit the acts giving rise to his conviction. *See Calderon v. Thompson*, 523 U.S. 538, 560 (1998). Instead, Ross contends that his conviction is void because AWIR-U does not form a predicate for felony murder.

Ross nonetheless encourages us to extend *Souter*'s rule to claims of "innocence of the penalty." Appellant's Br. at 24. The Supreme Court held in *Sawyer v. Whitley,* 505 U.S. 333 (1992), that habeas courts may reach the merits of defaulted, successive, or abusive habeas claims when a capital petitioner is "innocent of death." *Id.* at 335-336, 341. In *Sawyer*, the petitioner alleged that the jury improperly determined that he committed arson, and therefore improperly found him eligible for the death penalty. Arson was the predicate felony allowing the petitioner's conviction for first-degree murder, and it also formed an aggravating factor in the sentencing phase of the petitioner's trial. The Court held that, to show actual innocence, a petitioner must prove "by clear and convincing evidence that, but for a constitutional error, no reasonable juror would have found the petitioner eligible for the death penalty under the applicable state law." *Id.* at 336.[4] *Id.* at 336. Significantly, *Sawyer* created a steeper burden of proof on the petitioner than the standard *Schlup* imposed for assertions of actual innocence based on new facts. *See Calderon*, 523 U.S. at 560 (distinguishing *Sawyer* and *Schlup* tests). In requiring clear and convincing evidence, the Court in *Sawyer* sought to maintain the "narrow" and "objective" nature of the actual innocence standard. *Sawyer*, 505 U.S. at 341. *Sawyer*'s "innocence of the penalty" test applies to the finding of any special factor making the petitioner eligible for the death penalty, whether the factor forms an element of the offense of first-degree murder, or a sentencing enhancer. *Id.* at 345; *Calderon*, 523 U.S. at 560. As the petitioner did in *Sawyer,* Ross is challenging the validity of the finding that a felony, AWIR-U, made Ross eligible for first-degree murder, and therefore also made Ross eligible for the severest punishment Michigan law imposes. Thus, ruling for Ross would require us to apply *Souter* equitable tolling for a type of actual innocence claim that the Supreme Court has

---

[3]The AEDPA statute of limitations allows the filing period to restart from "the date on which the factual predicate of the claim or claims could have been discovered through the exercise of due diligence," or from the date a new, retroactively applicable constitutional right is announced, if these dates are later than the date the judgment becomes final. *Id.* § 2244(d)(1)(C)-(D). The statute does not explicitly permit equitable tolling for assertions of actual innocence, as a gateway assertion unrelated to the substantive habeas claims. *Souter* concluded that Congress did not foreclose such a tolling rule either by codifying narrower actual innocence exceptions in AEDPA's second-or-successive-petition and evidentiary-hearing provisions, or by specifying certain events that would delay the start of the limitations period. *Id.* at 599-600.

[4]Both *Schlup* and *Sawyer* involved whether actual innocence may excuse the bar on successive or abusive habeas petitions; however, the language of those holdings made clear that they also apply more broadly to procedurally defaulted claims. *See Schlup*, 513 U.S. at 318; *Souter*, 395 F.3d at 599 ("Following the passage of AEDPA, the courts of appeals . . . have continued to apply the *Schlup* actual innocence exception to cases involving other types of procedural default, such as where the default is based on adequate and independent state-law grounds."). Subsequently, AEDPA codified an actual innocence exception to the bar on second or successive petitions, in 28 U.S.C. § 2244(b)(2)(B). This section adopts *Sawyer*'s strenuous requirement of "clear and convincing evidence" of actual innocence, rather than *Schlup*'s required showing that it is "more likely than not" that a jury would not convict the petitioner. At the same time, the provision requires the petitioner to prove that "no reasonable factfinder would have found the applicant guilty of the *underlying offense*" but for constitutional error. *Id.* § 2244(b)(2)(B)(ii) (emphasis added). The circuits are split as to whether § 2244(b)(2)(B)(ii) bars a petitioner from proving that, but for an error, a jury would not have imposed an aggravating factor warranting the death penalty. *See LaFevers v. Gibson,* 238 F.3d 1263, 1267-1268 (10th Cir. 2001). AEDPA's provision barring evidentiary hearings on habeas claims whose factual basis the state court has not reviewed, contains an identically worded "actual innocence" exception. 28 U.S.C. § 2254(e)(2).

treated differently from the type of actual innocence claim presented in *Souter*. It would also require us to extend *Sawyer*'s "innocence of the penalty" analysis to non-capital penalties, inasmuch as Ross was not sentenced to death. *See Dretke v. Haley*, 541 U.S. 386, 396 (2004) (noting that "[w]hether and to what extent the [actual innocence] exception extends to non-capital sentencing error" is a difficult unanswered question).

It is however not necessary for us to decide whether *Souter*'s equitable tolling rule should be extended to "innocence of the penalty" assertions of the sort addressed in *Sawyer* and, if so, whether the rule should encompass non-capital cases such as this one. Because Michigan recognizes assault with intent to rob as a predicate for felony murder, Ross has not demonstrated that he is actually innocent of life imprisonment. Michigan law does not provide a basis for the assertion of innocence of the penalty here.

Ross's argument that he was actually innocent of the penalty of first-degree murder fails, because the Michigan Court of Appeals has recognized that assault with intent to rob is a predicate for first-degree murder. Both the version of Michigan's first-degree murder statute in effect in 1986 and the current version include attempted robbery as a predicate offense for felony murder. Mich. Comp. Laws § 750.316 (1968), *amended* by 1980 Mich. Pub. Acts No. 28; Mich. Comp. Laws § 750.316(b) (2004). In *People v. Akins*, 675 N.W.2d 863 (Mich. Ct. App. 2003), the Michigan Court of Appeals held that assault with intent to rob while armed is a proper predicate offense for felony murder. *Id.* at 869. The court noted that the State relied on the Michigan Court of Appeals' vacated opinion in *People v. Ross*, 618 N.W.2d 774 (Mich. Ct. App. 2000), this petitioner's second state postconviction application, to argue that assault with intent to rob was a felony-murder predicate. (The Michigan Supreme Court ultimately vacated this opinion when it found Ross's claim procedurally barred.) *Akins* noted in dicta that *Ross* reached the right result in holding that assault with intent to rob (unarmed) was a predicate offense. The *Ross* court had, however, inappropriately speculated about the legislature's intent when it concluded that, because AWIR-U was a more dangerous offense than attempted robbery unarmed, it was impossible that the legislature wished for only the latter to form a predicate to felony murder. *Id.* at 871 n.9.

*Akins* reasoned that the Michigan felony-murder statute unambiguously included attempted armed robbery as a predicate offense. The court acknowledged that attempted armed robbery and assault with intent to rob while armed are different offenses.[5] *Id.* at 872. However, as early as 1972, the Michigan Supreme Court had decided that "attempted armed robbery is a lesser included offense of assault with intent to rob while armed." *Id.* (quoting *People v. Patskan*, 199 N.W.2d 458 (Mich. 1972)). Thus, *Akins* concluded, "attempted robbery is established every time assault with intent to rob is established." *Id.* The only element distinguishing the two is that assault with intent to rob requires, in addition to all the elements of attempted robbery, assault with force and violence. *Id.* (citing *Gardner*, 265 N.W.2d at 5). Therefore, the court reasoned, if attempted robbery is a predicate offense for felony murder, then the assault offense must also be. While *Akins* directly addressed only the armed variant of assault with intent to rob, the opinion's reasoning applies with equal force to AWIR-U, since attempted unarmed robbery is also a lesser-included offense of AWIR-U, and attempted robbery, even unarmed, forms a predicate for felony murder. The applicability of *Akins* to this case is even more apparent since *Akins* embraced the result reached in

---

[5] At oral argument, counsel for Ross conceded that, if *Akins* properly determined that assault with intent to rob is a predicate offense for felony murder, then Ross is not entitled to equitable tolling. Counsel asserted, however, that *Akins* is incorrect. Counsel noted that the Michigan Supreme Court, in *People v. Gardner*, 265 N.W.2d 1 (Mich. 1978), concluded that AWIR-U is a different offense from attempted unarmed robbery. *Gardner* does not cast doubt on the Michigan Court of Appeals' reasoning in *Akins*. In *Gardner*, the Michigan Supreme Court held that the chief difference between AWIR-U and attempted unarmed robbery is that an assault is essential to AWIR-U. *Id.* at 5. This, the court reasoned, accounted for the fact that attempted robbery unarmed carries a five-year term of imprisonment, while AWIR-U carries a fifteen-year term. *Id.* at 5 n.1. This reasoning is consistent with *Akins*.

the Michigan Court of Appeals' vacated *Ross* opinion.  *See* 675 N.W.2d at 871 n.9.  The Michigan Supreme Court denied review.  *People v. Akins,* 682 N.W.2d 87 (Mich. 2004).

While *Akins* is a recent decision, it applied principles in place at the time Ross was convicted.  The *Akins* conclusion that assault with intent to rob forms a predicate to felony murder did not rely on modifications to Michigan's felony-murder statute subsequent to Ross's 1986 conviction.  Further, the cornerstone of the *Akins* analysis—the conclusion that attempted robbery is a lesser-included offense within assault with intent to rob—appeared in *People v. Patskan*, a 1972 Michigan Supreme Court case.  As noted above, *Akins* provides no reason to distinguish between the unarmed and armed variants of assault with intent to rob, in concluding that the offense forms a predicate for felony murder. Therefore Ross's claim of innocence of the penalty fails because, both now and at the time of Ross's conviction, the offense of assault with intent to rob, either armed or unarmed, supports a conviction for first-degree felony murder in Michigan.

For the foregoing reasons, we **AFFIRM** the district court's grant of summary judgment to the State of Michigan.