NOT RECOMMENDED FOR PUBLICATION
File Name: 06a0041n.06
Filed: January 13, 2006

No. 05-1358

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| DONALD PAUL BOLTON, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| Petitioner-Appellant, | ) | STATES DISTRICT COURT FOR THE |
| | ) | WESTERN DISTRICT OF MICHIGAN |
| v. | ) | |
| | ) | |
| MARY BERGHUIS, | ) | |
| | ) | |
| Respondent-Appellee. | ) | |

BEFORE: CLAY and COOK, Circuit Judges; and OLIVER, District Judge.[*]

**OLIVER, District Judge**: Petitioner-Appellant Donald Bolton ("Appellant" or "Bolton")

appeals the district court's dismissal of his petition for writ of habeas corpus. Bolton was convicted

in 1993, for assault with intent to murder a police officer, and sentenced to life imprisonment. The

district court dismissed the petition as untimely and refused to equitably toll the limitations period.

For the reasons stated below, the judgment of the district court is affirmed.

### I. FACTS AND PROCEDURAL HISTORY

#### A. State Conviction and Post Conviction Proceedings

A Michigan state court jury convicted Bolton of assault with intent to murder a police officer

---

[*]    The Honorable Solomon Oliver, Jr., United States District Judge for the Northern
District of Ohio, sitting by designation.

in 1993, along with six other crimes. Bolton was sentenced to life imprisonment. The Michigan Court of Appeals affirmed the conviction on July 25, 1995. *People v. Bolton*, No. 165706 (Mich Ct. App. July 25, 1995). The Michigan Supreme Court denied leave to appeal on May 31, 1996. Bolton did not seek a writ of certiorari from the United States Supreme Court.

Over two and one-half years later, in January 1999, Bolton filed a post-conviction motion in the Michigan trial court, asserting ineffective assistance of his trial counsel. The basis for the claim was that Bolton's trial counsel was a volunteer member of the Kalamazoo County Sheriff's Mounted Division, and thus was under a conflict of interest in defending Bolton, who had been charged with assaulting a police officer. The post-conviction motion also alleged that Bolton's trial attorney failed to preserve evidence and voluntarily submitted unfavorable evidence which enhanced Bolton's sentence. The trial court denied Bolton's post-conviction motion on April 17, 2001. The Michigan Court of Appeals refused to grant leave for Bolton to appeal this decision on August 16, 2001, and the Michigan Supreme Court likewise denied Bolton's request on March 4, 2002. *People v. Bolton,* 640 N.W.2d 875 (Mich. 2002).

**B. Federal Habeas Petition**

Bolton filed the instant habeas petition in the Western District of Michigan on April 3, 2002, less than thirty days after the conclusion of his state post-conviction proceedings. The district court restated the claims outlined in the habeas petition as follows:

> The trial court's decision was contrary to clearly established federal law and/or an unreasonable application of federal law when the court concluded that the Petitioner was required to show an actual rather than a potential conflict of interest. The failure of the appellate courts to review also violated federal habeas standards.
>
> Even if actual conflict is the proper standard, the trial judge misapplied clearly established federal law and/or made an unreasonable interpretation

of that law by concluding that an actual conflict was not shown. The appellate courts also violated federal habeas standards when they refused discretionary review.

Even if there was no conflict of interest, it was a contrary application of clearly established federal law or an unreasonable application of that law to have denied relief because the record showed that the Petitioner had received constitutionally ineffective lawyering.

Respondent-Appellee Mary Berghuis ("Appellee" or "Berghuis") moved to dismiss the petition as untimely. In response, Bolton contended he had been unable to discover the factual predicate for the claim until shortly before he filed his motion for state post-conviction relief, and argued that the statute of limitations should be equitably tolled to permit a ruling on the merits of his petition. On April 7, 2003, the district court judge adopted the magistrate judge's report and recommendation that the motion to dismiss be denied without prejudice, pending a hearing on when Bolton had actually discovered the factual predicate for his ineffective assistance of counsel claim

After a hearing, Appellee filed a second motion to dismiss the petition as untimely. In March 2005, the district judge adopted the magistrate judge's report and recommendation that the motion to dismiss be granted. The district court held that a diligent investigation of the facts underlying Bolton's ineffective assistance of counsel claims should have been completed no later than July 1995. Since the motion for state post-conviction relief was not filed until more than three years later, the district court found that the subsequent habeas petition was filed well beyond the one-year Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") statute of limitations. With respect to equitable tolling, the district court reviewed the five factors governing the doctrine, and concluded equitable tolling was not applicable. Finally, the court found that inasmuch as the basis for Bolton's actual innocence claim was polygraph evidence, such evidence was inadmissible in criminal trials in Michigan, and thus did not constitute admissible evidence of actual innocence.

The district court did grant a certificate of appealability for all grounds asserted, noting that "the procedural ruling, though resting on a solid legal basis, is objectively debatable because of the evolving law on the issues of equitable tolling and 'actual innocence.'"

## II. STANDARD OF REVIEW

A district court's decision to deny habeas corpus relief is reviewed *de novo*. *E.g., Allen v. Yukins*, 366 F.3d 396, 399 (6th Cir. 2004). Likewise, a district court's decision not to apply equitable tolling is reviewed *de novo*. *E.g., King v. Bell*, 378 F.3d 550, 553 (6th Cir. 2004).

A district court's factual findings are reversible only for clear error. *Amadeo v. Zant*, 486 U.S. 214, 223 (1988).

## III. LAW AND ANALYSIS

### A. AEDPA Statute of Limitations

Bolton contends the district court erred when it found his petition for habeas relief was untimely filed. Under 28 U.S.C. § 2244(d)(1), a prisoner may file a motion in federal court to vacate a state court conviction or sentence, but such a motion is subject to a one-year statute of limitation, which runs from the *latest* of:

> (A) the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented

could have been discovered through the exercise of due diligence. 28 U.S.C. § 2241(d)(1). Additionally, the statute indicates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2241(d)(2).

Bolton's conviction became final in 1996, when he did not timely seek a writ of certiorari in the United States Supreme Court to appeal the Michigan Supreme Court's decision denying him leave to appeal his conviction. Bolton did not file his federal habeas petition until 2002, nearly six years after his conviction became final. Thus, the petition was filed more than one year after the conviction became final, and is untimely under 28 U.S.C. § 2241(d)(1)(A).

Bolton argues that even if his petition was untimely under § 2241(d)(1)(A), the petition *was* timely under § 2241(d)(1)(D). Under this section, Bolton contends the one-year statute of limitations started in January 1999, the time he maintains he learned of the factual predicate for his claim and filed his state post-conviction motion. According to his calculation, the limitations period was stayed pending the state post-conviction proceedings, and his federal habeas filing less than thirty days from the end of the state proceedings was timely. Appellant contends that he "did not learn enough information to link the trial attorney's membership in the police organization to a conflict of interest" until 1999. Bolton does admit he first learned his trial lawyer was a volunteer sheriff in 1995. However, he argues that he did not pursue information about the conflict during his direct appeal, because such an issue could not be raised on direct appeal, and would be moot if the direct appeal were successful. Moreover, Bolton asserts that the fact his trial counsel was a volunteer sheriff was not evidence of a conflict of interest *per se*, and more investigation was

necessary before he truly knew the factual predicate for the claim.

Appellee argues that Bolton knew the factual predicate for his ineffective assistance of counsel claim in July 1995, and that there was no reason for the forty-one month delay in filing for state post-conviction relief. The magistrate judge (and the district court) agreed, noting that:

> Counsel has failed, however, to identify what additional facts were necessary to properly evaluate Petitioner's claim. Moreover, counsel has failed to identify *any* investigatory efforts that he undertook subsequent to July 1995. The Court is not suggesting that counsel did not undertake any such investigatory efforts, but it is relevant that counsel has failed to identify the nature of any such efforts or articulate their relevance to Petitioner's habeas claims.

The court went on to note the facts on the record indicating that Appellant and his family had learned of the potential conflict of interest in July 1995, and made the following factual finding:

> in the absence of any evidence suggesting otherwise, the Court can envision no circumstance in which a *diligent* investigation of the facts underlying Petitioner's claims would have taken until January 1999 (as Petitioner asserts) or even January 30, 1998 (the latest date by which the limitations period could have started and still rendered timely Bolton's petition).

The district court's finding of fact is not clearly erroneous. There is no dispute that Appellant learned the underlying facts to support his ineffective assistance of counsel claim in July 1995, but made no filing in any court until July 1999, well after the one-year statute of limitations had expired. Therefore, Bolton's petition for a writ of habeas corpus is time-barred under the one-year AEDPA statute of limitations in 28 U.S.C. § 2241(d).

### B. Equitable Tolling

Bolton argues that even if his petition is time-barred under the AEDPA, the court should apply the doctrine of equitable tolling and hear his habeas claims on their merits. Appellant makes several overlapping arguments for equitable tolling, which essentially fall into three categories: (1)

mandatory equitable tolling, pursuant to *Griffin v. Rogers*, 399 F.3d 626 (6th Cir. 2005) and *Palmer v. Carlton*, 276 F.3d 777 (6th Cir. 2002); (2) general principles of equitable tolling; and (3) equitable tolling due to a claim of actual innocence, pursuant to *Souter v. Jones*, 395 F.3d 577 (6th Cir. 2005). For the reasons stated below, none of these arguments justify the application of equitable tolling in this case.

*1. Mandatory Equitable Tolling*

Appellant cites two recent Sixth Circuit cases, *Griffin* and *Palmer*, to support equitable tolling in his case. The court finds these cases inapplicable to the current case. *Griffin* and *Palmer* established a doctrine of "mandatory equitable tolling" under specific, narrow circumstances. They addressed a problem arising out of the Supreme Court's holding, in *Duncan v. Walker*, 533 U.S. 167 (2001), that the AEDPA statute of limitations was not tolled during the pendency of federal habeas proceedings.[1] The *Duncan* holding, combined with the AEDPA's requirement that all habeas claims be exhausted by being presented to the state courts prior to filing for federal habeas relief, presented a problem for state prisoners with mixed petitions seeking federal habeas relief on some claims that had been exhausted in state court and some that had not been exhausted. In such circumstances, the federal court would dismiss the petition for containing unexhausted claims. By that time, however, the statute of limitations on the previously-exhausted claims may well have expired. On the other hand, if he filed the unexhausted claims in state court first, the statute of limitations would be tolled for those claims only, and he would likely be precluded by the statute of limitations from pursuing

---

[1]     In a concurring opinion in *Duncan*, Justice Stevens identified this problem and proposed the stay-and-abeyance procedure which was adopted by the Second Circuit in *Zarvela v. Artuz*, 254 F.3d 374 (2d.Cir. 2001) and later by this court in *Palmer*.

the previously-exhausted claims in federal court. *Griffin* and *Palmer* addressed this unique situation, and adopted:

> a stay-and-abeyance procedure, which effects a mandatory form of equitable tolling for the narrow group of cases in which a mixed petition is dismissed near or after the expiration of the AEDPA limitations period. Our Court has determined that if such a petitioner files any unexhausted claims in state court within 30 days of dismissal and re-files in federal court within 30 days of exhaustion, the re-filed petition will automatically be considered timely. If this mandatory equitable tolling does not apply, this Court may still equitably toll the limitations period based on the traditional equitable factors as outlined by this court in *Andrews v. Orr,* 851 F.2d 146 (6th Cir. 1998).

*Griffin*, 399 F.3d at 631. In both *Griffin* and *Palmer*, however, the *original* date of filing in federal court for the stay-and-abeyance procedure was timely and within the one-year AEDPA statute of limitations. By their very terms, the *Palmer/Griffin* line of cases apply to a habeas petitioner who: (1) has a mixed case of some exhausted and some unexhausted claims; (2) files a timely petition in federal court; and (3) thereafter pursues his unexhausted claims in state court within 30 days and refiles in federal court within 30 days after exhaustion.

Appellant argues that if he had the benefit of the *Palmer* decision earlier, he would have filed his unexhausted claims in federal court in a timely fashion, obtained a stay, and proceeded to state court to exhaust the claims. However, assuming *Palmer* was the law in 1997, it would not have helped Appellant. First, *Palmer* applies only to mixed petitions, and Appellant's petition prior to the state post-conviction motion was not mixed; it contained only unexhausted claims. Even if the court read *Palmer* to apply to unmixed petitions, Appellant's petition was still not timely filed in the first case. Bolton's petition would have had to have been filed in state or federal court by August 31, 1997, to be timely. However, Appellant filed nothing regarding this claim in any court until 1999. While he contends that if *Palmer* had been the law at the time, he would have filed in 1997, there

is nothing to suggest this is true. His stated reason for failure to file in 1997, which has already been rejected by the court, was that he had not learned of the factual predicate for his claim at that time. There is nothing in *Palmer* to suggest that claims should be filed prior to one year before the date by which the factual predicate for the claim could have been discovered by the exercise of due diligence. Mandatory equitable tolling, as contemplated by *Palmer* and *Griffin*, is strictly limited to protect a narrow class of habeas petitioners "whose timely filed habeas petitions remain pending in district court past the limitations period, only to be dismissed after the court belatedly realizes that one or more claims have not been exhausted." *Duncan*, 533 U.S. at 184. Bolton is not within that class, and mandatory equitable tolling does not apply in Bolton's case.

*2. Traditional Equitable Tolling: Five Factors*

While Appellant conflates the *Palmer/Griffin* mandatory equitable tolling discussed above with the traditional five-factor equitable tolling analysis used by the Sixth Circuit, the court evaluates the traditional equitable tolling analysis separately. The factors a court should examine in determining whether equitable tolling applies to waive the AEDPA statute of limitations are:

> (1) lack of actual notice of filing requirement; (2) lack of constructive knowledge of filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement.

*E.g., Andrews v. Orr,* 851 F.2d 146, 151 (6th Cir. 1998). Appellant's argument regarding knowledge of the filing requirement in elements (1), (2), and (5) is based entirely on the *Palmer*/*Griffin* line of cases discussed above. For the reasons discussed above, these factors do not weigh in favor of equitable tolling. Regardless of *Palmer*, Bolton knew or should have known that he had one year from the date his conviction became final to pursue habeas relief. Indeed, he does not contend that he did not know of the AEDPA's filing requirements. Yet, knowing of the underlying facts

supporting his ineffective assistance of counsel claim, he did nothing to pursue his claim. Inasmuch as his only argument for lack of notice is based on *Palmer*, elements (1), (2), and (5) counsel against equitable tolling.

In addition, Appellant's argument regarding his diligence in pursuing his rights is also flawed, as discussed above. The district court held as a factual matter that Appellant had not been diligent from 1995 to 1999 in pursuing his rights. Additionally, Appellee cites *Jurado v. Burt*, 337 F.3d 638 (6th Cir. 2003), in which the Sixth Circuit performed a diligence analysis in a similar context. In *Jurado*, a petitioner took nineteen months to file his federal habeas claim, and urged the court to apply equitable tolling to excuse the delay. The court evaluated the diligence of counsel in pursuing petitioner's rights, holding that "AEDPA does not convey a right to an extended delay while a habeas petitioner gathers every possible scrap of evidence that might support his claim. *See Flanagan v. Johnson,* 154 F.3d 196, 199 (5th Cir. 1998). Neither does the doctrine of equitable tolling grant such a right." *Jurado*, 337 F.3d at 644. The court finds *Jurado* persuasive. The district court held an evidentiary hearing to determine when Bolton learned the underlying factual predicate for his habeas claim, and correctly concluded that "these facts were either (a) known to counsel in July 1995, or (b) through the exercise of due diligence could have been ascertained soon thereafter. Counsel has advanced neither argument nor evidence suggesting otherwise." Thus, Appellant knew of the underlying factual predicate for his habeas claim in July 1995, and there is no right to an extended delay to gather every possible additional detail to support the habeas claim. The third factor also counsels against equitable tolling. For these reasons, the court declines to apply equitable tolling.

*3. Equitable Tolling for Actual Innocence*

The Sixth Circuit recently codified that equitable tolling will apply to claims of actual innocence by otherwise time-barred habeas petitioners. *Souter v. Jones*, 395 F.3d 577 (6th Cir. 2005). *Souter*, relying on *Schlup v. Delo*, 513 U.S. 298 (1995), held:

> where an otherwise time-barred habeas petitioner can demonstrate that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying constitutional claims.

395 F.3d at 602. Actual innocence must be proven by "'new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial.'" *Id.* at 590 (quoting *Schlup,* 513 U.S. at 324).

In the instant case, Appellant contends that polygraph test results support his innocence. However, polygraph examinations are not admissible evidence in Michigan state courts, which have held that they are not scientifically valid and thus not reliable. *E.g., People v. Ray*, 430 N.W.2d 626, 628 (Mich. 1988). While Appellant spends substantial pages of his brief arguing that New Mexico and Georgia have recently changed course and admitted polygraph evidence, as of this date, Michigan has not done so, and has shown no indication of doing so. It is not for this court to speculate on what Michigan may do in the future, or when it may do so. Furthermore, the admissibility of polygraph evidence is a state law issue, and thus not an issue of clearly established federal law. No federal court has held that as a constitutional matter, polygraph evidence must be admitted in any criminal trial, or that polygraph evidence is reliable. *See United States v. Sheffer*, 523 U.S. 303 (1998) (finding there is no consensus among jurisdictions that polygraph evidence is reliable). Therefore, since any polygraph results would not be admissible or reliable evidence, the actual innocence exception to the statute of limitations contemplated in *Souter v. Jones* is

inapplicable here. Appellant has not shown admissible, reliable evidence of his actual innocence. Consequently, the court affirms the district court's denial of his claim for equitable tolling on this ground.

Even if the court assumed that the polygraph results were reliable evidence[2], the polygraph test results do not support a claim of actual innocence. If believed, the polygraph evidence only suggests that Appellant did not shoot or attempt to shoot Officer Briney, did not hold a gun to Officer Briney's head, and did not fire any shots while in the police cruiser. The evidence does not contradict Officer Briney's testimony that Appellant shouted "kill him, kill the fucking pig" to his cousin-accomplice. Moreover, Appellant does not contest that he physically attacked Officer Briney, that he obtained Officer Briney's gun during the course of the incident, or that he fired his own gun while fleeing the scene. In light of these uncontested facts, a reasonable jury could easily find that Appellant intended to murder Officer Briney. Therefore, Appellant has not established a claim of actual innocence.

## IV. CONCLUSION

---

[2]     The Supreme Court, in *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995) counseled:

> In assessing the adequacy of petitioner's showing, therefore, the district court is not bound by the rules of admissibility that would govern at trial. Instead, the emphasis on "actual innocence" allows the reviewing tribunal also to consider the probative force of relevant evidence that was either excluded or unavailable at trial. Indeed, with respect to this aspect of the Carrier standard, we believe that Judge Friendly's description of the inquiry is appropriate: The habeas court must make its determination concerning the petitioner's innocence "in light of all the evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after the trial."

Bolton's petition for a writ of habeas corpus was untimely under the AEDPA, and Bolton has failed to set forth a justification to support equitable tolling. The decision of the district court dismissing Bolton's petition is AFFIRMED.