NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0397n.06
Filed: June 7, 2006

No. 04-5480

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| RONALD LOREN STOKER, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| DALE WATSON, | ) | WESTERN DISTRICT OF KENTUCKY |
| | ) | |
| Respondent-Appellee. | ) | |

Before: SUTTON and GRIFFIN, Circuit Judges; OBERDORFER, District Judge.[*]

**OBERDORFER,** District Judge.  Ronald Loren Stoker, a pro se petitioner currently incarcerated in Kentucky, appeals the district court's dismissal of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  We affirm.

In 1989, Stoker was convicted in Hardin County Circuit Court in Kentucky on 18 criminal counts, including rape, sodomy, sexual abuse, and terroristic threatening.  He received a total prison sentence of 312 years.  The Kentucky Supreme Court affirmed Stoker's conviction on direct appeal, but remanded to the trial court with instructions that Stoker's sentence be reduced to 50 years because of an error in jury instructions.  *See Stoker v. Commonwealth*, 828 S.W.2d 619 (Ky. 1992).  On September 30, 1997, Stoker filed a motion to vacate his conviction

---

[*] The Honorable Louis F. Oberdorfer, United States District Court Judge for the District of Columbia, sitting by designation.

in the state trial court, which was denied. The Kentucky Court of Appeals affirmed the trial court's judgment. On November 14, 2001, the Kentucky Supreme Court denied discretionary review.

On March 2, 2002, Stoker filed the instant petition for habeas corpus, citing "newly discovered evidence" of his innocence. The Magistrate Judge issued a 74-page memorandum recommending that the petition be dismissed as untimely, but that a certificate of appealability be granted with respect to three issues: (1) whether the petition should be considered, despite the statute of limitations, to avoid manifest injustice; (2) whether the prosecutor withheld exculpatory materials; and (3) whether petitioner received ineffective assistance of counsel at trial. On March 23, 2004, the district court accepted the Magistrate Judge's Recommendation "in its entirety," and certified for appeal the three issues identified by the Magistrate Judge.[1]

We affirm, largely based on the reasoning and analysis of the Magistrate Judge. In particular:

(1) The evidence Stoker seeks to introduce is not newly discovered. Moreover, it fails to demonstrate that "it is more likely than not that no reasonable juror would have found [defendant] guilty beyond a reasonable doubt." *See Souter v. Jones*, 395 F.3d 577, 602 (6th Cir. 2005). At most, Stoker's evidence questions the credibility of some of the trial witnesses – but falls far short of demonstrating actual innocence. *See* Supplemental Findings of Fact, Conclusions of Law and Recommendation (Mar. 3, 2004) ("Mag. Mem."), at 46-67. Hence, Stoker does not pass beyond the *Schlup* gateway for a federal court consideration of his

---

[1]Originally this matter was referred to a three-judge panel of this court for disposition pursuant to Local Rule 34(j)(2)(C). However, on October 25, 2005, the panel determined that Rule 34 disposition was inappropriate and referred the matter to this panel.

constitutional claims.  *Schlup v. Delo*, 513 U.S. 298, 315 (1995).[2]

(2) Stoker admits that he failed to preserve his *Brady* claim in the state courts.  This bars review of that claim unless Stoker can demonstrate actual innocence.  *See Schlup*, 513 U.S. at 317-23.  As explained, Stoker has not demonstrated actual innocence.

(3) The Kentucky courts have already determined that Stoker's counsel was not ineffective.  This determination was not directly contrary to, or an objectively unreasonable application of, the test for ineffective assistance under *Strickland v. Washington*, 466 U.S. 668 (1984).  *See* Mag. Mem. at 70-73.

\*        \*        \*

Accordingly, the decision of the district court is AFFIRMED.

---

[2]The Magistrate Judge correctly "assumed" that the *Schlup* "actual innocence" exception to procedural defects in a habeas petition would also apply to petitions filed after the one-year statute of limitations.  *See* Mag. Mem. at 42 ("The undersigned will assume . . . that the AEDPA statute of limitations may be avoided when a habeas petitioner is able to persuade the federal court of his 'actual innocence.'") (discussing *Schlup*); *see also Souter*, 395 F.3d at 602 (after Magistrate Judge's Recommendation, adopting *Schlup* "actual innocence" exception to untimely filed habeas petitions).