NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0286n.06
Filed: April 23, 2007

No. 05-1821

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

DAVID CRAIG,                          )
                                      )
        Petitioner-Appellant,         )
                                      )
v.                                    )    ON APPEAL FROM THE UNITED
                                      )    STATES DISTRICT COURT FOR THE
HAROLD WHITE, Warden,                 )    EASTERN DISTRICT OF MICHIGAN
                                      )
        Respondent-Appellee.          )

Before: ROGERS and COOK, Circuit Judges; and O'MALLEY, District Judge.[*]

PER CURIAM. David Smith Craig asks this court to equitably toll the one-year 28 U.S.C. § 2244(d) statute of limitations for his untimely habeas petition. After pleading no contest to three felonies in state court, Craig was sentenced under Michigan's habitual offender statute to eight to twenty years in prison. Craig appealed his sentence, but he did not challenge the application of the habitual offender statute. The Michigan Court of Appeals denied his leave to appeal on September 29, 1999, and Craig did not appeal to the Michigan Supreme Court. Craig filed his federal petition for habeas corpus on November 11, 2004, claiming that his prior convictions did not warrant

_____

[*]The Honorable Kathleen McDonald O'Malley, United States District Judge for the Northern District of Ohio, sitting by designation.

application of the habitual offender statute under Michigan state law. The district court held that Craig's petition was untimely and that he was not entitled to equitable tolling.

We review de novo a district court's decision to deny equitable tolling where the facts are undisputed. *See Solomon v. United States*, 467 F.3d 928, 932 (6th Cir. 2006). Craig "bears the burden of demonstrating that he is entitled to equitable tolling." *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003).

Craig claims that he is actually innocent of being a habitual offender because the sentencing judge misapplied Michigan's habitual offender statute. We have held that actual innocence can be a basis for equitable tolling when a petitioner "can present new evidence which undermines this court's confidence in the outcome of the trial." *Souter v. Jones*, 395 F.3d 577, 600 (6th Cir. 2005); *see also Knickerbocker v. Wolfenbarger*, No. 05-1556, 2007 U.S. App. LEXIS 279, at *13-15 (6th Cir. Jan. 5, 2007); *Stoker v. Watson*, 184 F. App'x 496, 497 (6th Cir. 2006); *Bolton v. Berghuis*, 164 F. App'x 543, 549-50 (6th Cir. 2006). Where a petitioner asserts actual innocence solely based on his interpretation of the law, however, *Souter*'s actual innocence exception does not apply. *See Ross v. Berghuis*, 417 F.3d 552, 555 (6th Cir. 2005) ("[T]his case does not fit within the actual innocence equitable tolling rule recognized in *Souter v. Jones* . . . because he has not provided new exculpatory evidence."); *see also Harvey v. Jones*, 179 F. App'x 294, 298 (6th Cir. 2006); *Nelloms v. Jackson*, 129 F. App'x 933, 936 (6th Cir. 2005). Craig does not claim that any new evidence undermines our confidence in his sentence, but rather argues actual innocence based only on his new reading of

No. 05-1821
*Craig v. White*

Michigan law.  Under *Ross*, *Souter* does not provide us with a basis to equitably toll the § 2244(d) statute of limitations.

Nor is Craig entitled to equitable tolling under the standard Sixth Circuit test.  *See Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001) (explaining the five factors this circuit uses to analyze equitable tolling under § 2244(d)).  He does not establish that he has been pursuing his rights diligently, nor does he allege any extraordinary circumstance that would excuse his failure to file.  Craig's entire argument is based on his ignorance of the law, which we have held is not a basis for equitable tolling.  *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004).

Craig has failed to carry his burden to demonstrate that his untimely petition should be equitably tolled.  We affirm.