PEOPLE v JONES

Docket No. 136098. Submitted December 14, 1994, at Lansing. Decided March 6, 1995, at 9:40 A.M. Leave to appeal sought.

Elmo E. Jones was convicted by a jury in the Ingham Circuit Court, Lawrence M. Glazer, J., of felony murder and possession of a firearm during the commission of a felony. The defendant appealed, claiming that conviction of felony murder is precluded where the underlying felony, in this case, breaking and entering with intent to commit assault, is committed with the same assaultive intent as the homicide.

The Court of Appeals *held:*

The defendant's argument, which is recognized under the merger doctrine associated with California's felony-murder rule, does not apply to Michigan's felony-murder rule because of the different purposes behind the rules. The purpose of California's rule is to deter felons from killing negligently or accidentally by holding them strictly responsible for the killings they commit. The California Supreme Court has held that that purpose is not served where the underlying felony is breaking and entering with intent to assault. The purpose of Michigan's rule is to provide for graduated punishment by making murders that result from the commission of the felonies enumerated in MCL 750.316; MSA 28.548 first-degree murder rather than second-degree murder, which they would be in the absence of the felony-murder rule. Michigan's felony-murder rule requires an additional mens rea besides the intent to commit the underlying felony.

Affirmed.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Donald E. Martin,* Prosecuting Attorney, and *Susan L. LeDuc,* Deputy Chief Assistant Prosecutor, for the people.

State Appellate Defender (by *Ralph C. Simpson*), for the defendant on appeal.

Before: TAYLOR, P.J., and GRIFFIN and W. G.
SCHMA,* JJ.

GRIFFIN, J. Following a six-day jury trial, defen-
dant was convicted of one count of first-degree
felony murder, MCL 750.316; MSA 28.548, and one
count of possession of a firearm during the com-
mission of a felony, MCL 750.227b; MSA 28.424(2).
He was sentenced to life imprisonment without
parole for his felony-murder conviction and a con-
secutive two years for his felony-firearm convic-
tion. Defendant now appeals as of right. We affirm.

This case arises out of the circumstances of the
shooting death of Donald Sturdivant. On October
23, 1990, Sturdivant spent the evening with defen-
dant's estranged wife, Mary Jones. Jones had sepa-
rated from defendant and lived apart from him
with their only son. At approximately 10:45 P.M.,
Mary Jones retired to her bedroom with Sturdi-
vant. Later that evening, she was awakened by a
loud "bang." Jones saw defendant walking up the
stairs with a shotgun. Jones immediately fled the
residence. Following a 911 call from neighbors, the
police found Sturdivant dead from a shotgun
wound in Jones' upstairs bedroom.

Defendant first challenges his first-degree felony-
murder conviction. In Michigan, the elements of
first-degree felony murder are set forth in MCL
750.316; MSA 28.548:

> Murder which is perpetrated by means of poi-
> son, lying in wait, or other wilful, deliberate, and
> premeditated killing, or which is committed in the
> perpetration, or attempt to perpetrate arson, crim-
> inal sexual conduct in the first or third degree,
> robbery, breaking and entering of a dwelling, lar-
> ceny of any kind, extortion, or kidnapping, is

* Circuit judge, sitting on the Court of Appeals by assignment.

murder of the first degree, and shall be punished by imprisonment for life.

Defendant, relying on *People v Wilson,* 1 Cal 3d 431; 82 Cal Rptr 494; 462 P2d 22 (1969), argues that his felony-murder conviction should be reversed because the predicate felony of breaking and entering with the intent to commit an assault is not a felony independent of the homicide. Defendant urges this Court to adopt the merger doctrine as stated in *Wilson* to preclude convictions for felony murder where the underlying felony is committed with the same assaultive intent as the homicide.

In *Wilson,* the California Supreme Court adopted the merger doctrine to ameliorate the perceived harshness and injustice of the common-law felony-murder rule codified by the California legislature:

> "The purpose of the felony-murder rule is to deter felons from killing negligently or accidentally by holding them strictly responsible for killings they commit." *People v Washington,* 62 Cal 2d 777, 781; 44 Cal Rptr 442; 402 P2d 130 (1965). Where a person enters a building with an intent to assault his victim with a deadly weapon, he is not deterred by the felony-murder rule. That doctrine can serve its purpose only when applied to a felony independent of the homicide. In [*People v Ireland,* 70 Cal 2d 522; 75 Cal Rptr 188; 450 P2d 580 (1969)], we reasoned that a man assaulting another with a deadly weapon could not be deterred by the second degree felony-murder rule, since the assault was an integral part of the homicide. Here, the only distinction is that the assault and homicide occurred inside a dwelling so that the underlying felony is burglary based on an intention to assault with a deadly weapon, rather than simple assault with a deadly weapon. [*Id.* at 440.]

In comparison, the purpose of Michigan's felony-murder statute "is to graduate punishment and . . . the statute only serves to raise an already established *murder* to the first-degree level, not to transform a death, without more, into a murder." *People v Aaron,* 409 Mich 672, 719; 299 NW2d 304 (1980). We find this distinction to be dispositive. Unlike the common-law felony-murder rule at issue in *Wilson,* our felony-murder statute requires proof of malice aforethought and is not meant to deter negligent or accidental killings. Rather, it is merely a degree-raising device for certain types of second-degree murders. *Aaron, supra* at 718-719. Given our requirement that first-degree felony murder requires an additional mens rea besides the intent to commit the underlying felony, we conclude that defendant's reliance on *Wilson* is misplaced.

Further support for this position is found in the language of the statute. Because the language used in the statute is clear and unambiguous, we apply its plain and ordinary meaning. On its face, the statute clearly allows all murder committed in the perpetration or attempted perpetration of the enumerated felonies to be treated as first-degree murder. See also *Aaron, supra* at 734; *United States v Loonsfoot,* 905 F2d 116 (CA 6, 1990). Furthermore, the statute makes no distinctions for the commission of enumerated felonies with assaultive intent against the murder victim. Accordingly, we conclude that defendant was properly convicted of first-degree felony murder.

Defendant's remaining arguments merit only cursory discussion. The trial court's jury instructions regarding the underlying offense of breaking and entering sufficiently protected the rights of defendant and fairly presented the issues to be tried. *People v Holt,* 207 Mich App 114, 117; 523

NW2d 856 (1994); *People v Davis,* 199 Mich App 502, 515; 503 NW2d 457 (1993). Further, even assuming that the trial court unfairly limited the scope of defendant's cross-examination, any error was harmless beyond a reasonable doubt in light of the overwhelming evidence of defendant's guilt. *Delaware v Van Arsdall,* 475 US 673, 684; 106 S Ct 1431; 89 L Ed 2d 674 (1986); *People v Adamski,* 198 Mich App 133, 140-141; 497 NW2d 546 (1993). Finally, the trial court did not abuse its discretion in denying defendant's motion for a new trial on the basis of juror misconduct. MCR 2.611(A)(1)(b).

Affirmed.