*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

UNPUBLISHED
June 18, 2020

v

WAYNE ARTHUR-SCOTT BROWN,

        Defendant-Appellant.

No. 346659
Newaygo Circuit Court
LC No. 17-011575-FC

Before: BORRELLO, P.J., and RONAYNE KRAUSE and RIORDAN, JJ.

PER CURIAM.

Defendant was convicted by a jury of first-degree child abuse, MCL 750.136b(2), and first-degree felony murder, MCL 750.316(1)(b). The trial court sentenced defendant as a third-offense habitual offender, MCL 769.11, to concurrent terms of 23 to 40 years' imprisonment for his first-degree child abuse conviction and imprisonment for life without parole for his felony-murder conviction. Defendant now appeals as of right. For the reasons set forth in this opinion, we affirm.

## I. BACKGROUND

This case arises from the death of defendant's 14-month-old stepdaughter, LH. Breann Tabor, who was LH's mother, married defendant on January 27, 2017. In addition to LH, Tabor had two other children from previous relationships. Defendant also had four children from previous relationships.

On February 14, 2017, Tabor attended a Friend of the Court hearing that resulted in the elimination of child support payments she had been receiving from the father of one of her other children. When she returned home where the children were being cared for by one of defendant's friends, Tabor did not notice anything wrong with LH. Defendant, who was apparently upset about the outcome of Tabor's hearing, arrived home later and accused Tabor of favoring her own children over defendant's children. The argument escalated to physical violence. Tabor testified that defendant held her by her hair, threw her across the kitchen, punched her in her ribs, and threw items at her. At some point, this physical assault ended, and Tabor engaged in sexual intercourse with defendant because she felt she had to in order to prevent defendant from beating her again.

-1-

After the assault, Tabor left the house to run errands. Defendant sent Tabor text messages asking why it was taking her so long to return home. Defendant eventually sent Tabor text messages telling her to "[g]et your fucking ass home now" and "[i]t's an emergency." Tabor returned to their house and found defendant standing near the doorway holding LH. LH was unresponsive and limp, her eyes were rolled to the back of her head, and she was not breathing properly. Defendant said, "This doesn't look good on me." Defendant also told Tabor that LH fell off the couch. LH was taken to a hospital where she was treated for head injuries that included bleeding and swelling in her brain. She never recovered from these injuries, and she died one week later.

Defendant was convicted and sentenced as previously stated. This appeal followed.

## II. OTHER ACTS OF DOMESTIC VIOLENCE EVIDENCE

Defendant first argues that the trial court abused its discretion by admitting evidence pursuant to MCL 768.27b that he committed an act of domestic violence against Tabor on the same day that LH was fatally injured. Defendant contends that this evidence should have been excluded under MRE 403.

## A. STANDARD OF REVIEW

The trial court's decision whether to admit evidence is reviewed for an abuse of discretion. *People v Gursky*, 486 Mich 596, 606; 786 NW2d 579 (2010). Decisions on "preliminary questions of law, such as whether a rule of evidence or statute precludes admitting of the evidence," are reviewed de novo. *Id.* An abuse of discretion occurs when the trial court's "decision falls outside the range of principled outcomes or when it erroneously interprets or applies the law." *People v Lane*, 308 Mich App 38, 51; 862 NW2d 446 (2014) (citation omitted). The decision to admit evidence that is inadmissible as a matter of law constitutes an abuse of discretion. *Gursky*, 486 Mich at 606.

## B. ANALYSIS

The evidence that defendant assaulted Tabor was admitted under MCL 768.27b. At the time of defendant's trial, this statute provided in relevant part as follows:

> (1) . . . in a criminal action in which the defendant is accused of an offense involving domestic violence, evidence of the defendant's commission of other acts of domestic violence is admissible for any purpose for which it is relevant, if it is not otherwise excluded under Michigan rule of evidence 403.

> \* \* \*

> (5) As used in this section:

> (a) "Domestic violence" or "offense involving domestic violence" means an occurrence of 1 or more of the following acts by a person that is not an act of self–defense:

(*i*) Causing or attempting to cause physical or mental harm to a family or household member.

(*ii*) Placing a family or household member in fear of physical or mental harm.

(*iii*) Causing or attempting to cause a family or household member to engage in involuntary sexual activity by force, threat of force, or duress.

(*iv*) Engaging in activity toward a family or household member that would cause a reasonable person to feel terrorized, frightened, intimidated, threatened, harassed, or molested.

(b) "Family or household member" means any of the following:

(*i*) A spouse or former spouse.

(*ii*) An individual with whom the person resides or has resided.

(*iii*) An individual with whom the person has or has had a child in common.

(*iv*) An individual with whom the person has or has had a dating relationship. As used in this subparagraph, "dating relationship" means frequent, intimate associations primarily characterized by the expectation of affectional involvement. This term does not include a casual relationship or an ordinary fraternization between 2 individuals in a business or social context. [MCL 768.27b, as enacted by 2006 PA 78.][1]

The sole basis for defendant's appellate challenge to the admissibility of the evidence that he assaulted Tabor is his contention that this evidence was barred by MRE 403 because its minimal probative value was outweighed by unfair prejudice.

This Court has interpreted MCL 768.27b to mean that despite the general prohibition in MRE 404(b)(1)[2] against using other-acts evidence to show a defendant's character or propensity,

---

[1] This statute has been amended since the time of defendant's trial to make it applicable to cases where a defendant "is accused of an offense involving domestic violence or sexual assault." See 2018 PA 372. The amended version of the statute is not at issue in this case.

[2] MRE 404(b)(1) provides:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material, whether such other

-3-

MCL 768.27b nonetheless permits the prosecution in cases involving domestic violence to introduce "evidence of prior domestic violence in order to show a defendant's character or propensity to commit the same act." *People v Railer*, 288 Mich App 213, 219-220; 792 NW2d 776 (2010). "This prior-bad-acts evidence of domestic violence can be admitted at trial because a full and complete picture of a defendant's history tends to shed light on the likelihood that a domestic violence crime was committed." *People v Propp*, ___ Mich App ___, ___; ___ NW2d ___ (2019) (Docket No. 343255) (quotation marks and citation omitted); slip op at 10. "The *only* limiting provision of MCL 768.27b is that the evidence is still subject to analysis under MRE 403 . . . ." *Id*. at ___; slip op at 12.

MRE 403 permits relevant evidence to "be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." MRE 403. For purposes of MRE 403, "unfair prejudice" exists when there is a danger that "marginally probative evidence will be given undue or preemptive weight by the jury" or when there is a "tendency of the proposed evidence to adversely affect the objecting party's position by injecting considerations extraneous to the merits of the lawsuit, e.g., the jury's bias, sympathy, anger, or shock." *People v Cameron*, 291 Mich App 599, 611; 806 NW2d 371 (2011) (quotation marks and citations omitted).

In this case, the evidence that defendant committed a violent physical assault against Tabor at some point during the hours leading up to the time when LH suffered her fatal injuries was relevant to demonstrating defendant's propensity for using physical violence against family members, as well as rebutting evidence that LH's injuries were caused by an accident. While defendant argues that the evidence should have been excluded under MRE 403 because its prejudicial effect of portraying defendant as a violent individual outweighed its probative value, defendant's argument merely demonstrates that the evidence, under the factual circumstances of this case, was prejudicial for the same reasons that the evidence was relevant. "Relevant evidence is inherently prejudicial . . . ." *People v Mills*, 450 Mich 61, 75; 537 NW2d 909 (1995), mod on other grounds by 450 Mich 1212 (1995) (quotation marks and citation omitted).

Given the relevance and importance of this type of other-acts evidence under MCL 768.27b as interpreted by prior decisions of this Court, there was nothing about the evidence of defendant's assault of Tabor that interjected "considerations extraneous to the merits" of the issues at trial or that would have encouraged the jury to render its decision based on "bias, sympathy, anger, or shock." *Cameron*, 291 Mich App at 611 (quotation marks and citations omitted). Hence, there was no "unfair prejudice." Moreover, the jury was instructed with regard to this other-acts evidence that it could not convict defendant solely on the basis of other bad conduct for which he was not on trial and that it could only convict defendant based on a determination beyond a reasonable doubt that he committed the crimes with which he had been charged. Such instructions minimize the potential for unfair prejudice stemming from other-acts evidence. See *id*. at 612.

---

crimes, wrongs, or acts are contemporaneous with, or prior or subsequent to the conduct at issue in the case.

The trial court's decision to admit the evidence that defendant assaulted Tabor was not an abuse of discretion.

## III.  FELONY MURDER

Next, defendant argues that the evidence was insufficient to support his felony-murder conviction because the legislature did not intend for felony murder to arise from a single act that also constituted the act of first-degree child abuse used as the predicate felony for defendant's felony-murder conviction.  Defendant asks us to reject *People v Magyar*, 250 Mich App 408, 412-413; 648 NW2d 215 (2002), in which this Court held that a single assault or act may support convictions of both first-degree child abuse and felony murder on the basis of the predicate felony of first-degree child abuse because "Michigan's felony-murder statute serves to raise an established murder to first-degree murder and makes no distinctions for the commission of enumerated felonies with assaultive intent against the murder victim."  (Quotation marks and citation omitted).

As an initial matter, although defendant labels his appellate challenge as one directed at the sufficiency of the evidence, defendant's argument is really more properly understood as a claim that MCL 750.316(1)(b), which defines the crime of felony murder, evinces a legislative intent to prohibit a single act—here, physically harming a child—from supporting a conviction for two distinct crimes—here, first-degree child abuse and felony murder.  Thus, we do not understand defendant to have intended to raise a traditional sufficiency-of-the-evidence argument and any such argument is abandoned because it has not been presented.  *People v Kelly*, 231 Mich App 627, 640-641; 588 NW2d 480 (1998).  Regarding the substance of defendant's argument, we have already addressed this issue in *Magyar* and held that a single act may support convictions for both first-degree child abuse and felony murder.  This Court's decision in *Magyar* established binding precedent for subsequent panels of this Court.  MCR 7.215(J)(1).  We decline defendant's request to express disagreement with the decision in *Magyar* because defendant has failed to provide any persuasive reason for doing so.

Affirmed.

/s/ Stephen L. Borrello
/s/ Amy Ronayne Krause
/s/ Michael J. Riordan