*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
July 11, 2024

v

No. 364672
Allegan Circuit Court
LC No. 2021-024286-FH

KENNETH EUGENE GEORGE,

Defendant-Appellant.

Before: RICK, P.J., and JANSEN and LETICA, JJ.

PER CURIAM.

Defendant appeals as of right his jury-trial convictions for (1) three counts of aggravated child sexually abusive material (CSAM), MCL 750.145c(2)(b); (2) three counts of using a computer to commit aggravated CSAM, MCL 752.797(3)(f); (3) one count of aggravated CSAM–distributing or promoting, MCL 750.145c(3)(b); (4) one count of using a computer to commit aggravated CSAM–distributing or promoting, MCL 752.797(3)(d); and (5) one count of indecent exposure, MCL 750.335a(2)(a). The trial court sentenced defendant to serve concurrent sentences of (1) 7 to 25 years, (2) 7 to 20 years, (3) 2 to 15 years, (4) 19 months to 7 years, and (5) 62 days in prison. We affirm.

This case arises out of two tips indicating that CSAM was connected to defendant's name and address. At the time, defendant lived with his mother, a roommate, and a romantic partner, TR. After a search warrant was executed, CSAM files were found to have been accessed by defendant's computer and downloaded onto a flash drive located near defendant's bed. On appeal, defendant argues that evidence showing that the flash drive belonged to TR should have been admitted. We agree that the trial court erred by excluding the evidence; however, the error was not outcome-determinative.

-1-

Unless the substance of the evidence is apparent from the context, a party seeking the admission of evidence is obliged to make an offer of proof. MRE 103(a)(2);[1] see also *People v King*, 297 Mich App 465, 476; 824 NW2d 258 (2012). In this case, it was determined that the flash drive containing CSAM had also previously contained photographs taken at TR's grandmother's funeral. Accordingly, defendant argued that the funeral photographs were relevant because they showed TR's ownership of the flash drive and the CSAM contained within, and should be admitted. However, the trial court did not admit the photographs because it found the photographs to be too remote in time and not relevant. Therefore, defendant preserved this issue for appellate review. See *id*.

"The decision whether to admit evidence is within the trial court's discretion, which will be reversed only where there is an abuse of discretion." *People v Gursky*, 486 Mich 596, 606; 786 NW2d 579 (2010). "A trial court abuses its discretion when its decision falls outside the range of principled outcomes." *People v Feezel*, 486 Mich 184, 192; 783 NW2d 67 (2010) (quotation marks and citation omitted). Decisions regarding the admission of evidence typically involve preliminary questions of law, including whether a rule of evidence or statute precludes admitting the evidence; we review questions of law de novo. *Gursky*, 486 Mich at 606.

Relevant evidence is generally admissible, and irrelevant evidence is not admissible. MRE 402. "The proponent of evidence bears the burden of establishing its relevance and admissibility." *People v Martin*, 271 Mich App 280, 316; 721 NW2d 815 (2006), aff'd 482 Mich 851 (2008). " 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." MRE 401.

"Relevance involves two elements, materiality and probative value. Materiality refers to whether the fact was truly at issue." *People v Henry*, 315 Mich App 130, 144; 889 NW2d 1 (2016) (quotation marks and citation omitted). For evidence to be material, it must be of consequence to the action; however, it does not need to relate to an element of the charged crime or an applicable defense. *People v Brooks*, 453 Mich 511, 517-518; 557 NW2d 106 (1996). "Probative force is the tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Further, *any* tendency is sufficient probative force." *Id*. at 518 (quotation marks and citation omitted; emphasis added).

In this case, photographs from TR's grandmother's funeral, which took place in 2004, had at one time been downloaded onto the flash drive that contained the CSAM videos. The photographs had already been deleted from the flash drive before it was seized, and officers were unable to determine when the photographs had been downloaded onto the flash drive. Defense counsel wished to introduce evidence of the photographs to prove that the flash drive belonged to TR, not defendant; however, the trial court found that because the photographs were deleted before the flash drive was investigated, "[t]hey're very remote in time from the time the other items on

---

[1] The Michigan Rules of Evidence were substantially amended on September 20, 2023, effective January 1, 2024. See ADM File No. 2021-10, 512 Mich lxiii (2023). This opinion relies on the version of the rules in effect at the time of trial.

that flash drive were created. I believe it's too remote. I don't believe it is relevant and the Court is denying the request to have that information presented to the jury." We conclude that the trial court improperly considered the photographs' remoteness, and erred by ruling that the photographs were irrelevant.

Remoteness affects the weight of the evidence, not the evidence's admissibility. *People v Brown*, 294 Mich App 377, 387; 811 NW2d 531 (2011). Therefore, the trial court abused its discretion by considering the photograph's remoteness when determining whether to admit the photographs. *People v Hine*, 467 Mich 242, 251-252; 650 NW2d 659 (2002) ("An abuse of discretion might . . . result where the trial court operates within an incorrect legal framework."). Moreover, although the funeral photographs were taken in 2004, it was unclear how long ago they had been deleted.

Regarding the photographs' relevancy, evidence of who owned the flash drive—and the downloaded CSAM within—was material because defendant's knowing possession of the CSAM was directly at issue. Furthermore, the photographs had a tendency—however slight—"to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." MRE 401. This evidence, along with the testimony that TR lived at defendant's house and occasionally slept in the bed that the flash drive was located next to, could have led a reasonable juror to determine that the flash drive—and its contents—belonged to TR. Therefore, evidence of the funeral photographs was relevant to determine whom the flash drive belonged to, and the trial court erred by determining that the photographs were not relevant.

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." MRE 403. " 'Unfair prejudice' does not mean 'damaging.' " *People v Mills*, 450 Mich 61, 75; 537 NW2d 909 (1995) (quotation marks and citation omitted), mod 450 Mich 1212 (1995). Any relevant evidence will be damaging to some extent; *unfair* prejudice exists when there is a tendency that minimally probative evidence will be given undue or preemptive weight by the jury, or when it would be inequitable to allow use of the evidence. *Id*. at 75-76.

> Assessing probative value against prejudicial effect requires a balancing of several factors, including the time required to present the evidence and the possibility of delay, whether the evidence is needlessly cumulative, how directly the evidence tends to prove the fact for which it is offered, how essential the fact sought to be proved is to the case, the potential for confusing or misleading the jury, and whether the fact can be proved in another manner without as many harmful collateral effects. [*People v Blackston*, 481 Mich 451, 462; 751 NW2d 408 (2008).]

The trial court is in the best position to assess the prejudicial effect of evidence. *People v Magyar*, 250 Mich App 408, 416; 648 NW2d 215 (2002). However, in this case, because the trial court determined that the photographs were not relevant, it did not analyze the photographs' prejudicial value.

Evidence of the photographs could have been presented quickly and without delay. On the first day of trial, Detective Trooper Torey Johns of the Michigan State Police testified that photographs from a funeral had been downloaded onto the flash drive at some point. Upon further investigation, Detective Trooper Johns discovered that the photographs were taken at TR's grandmother's funeral. Therefore, on the second day of trial, Detective Trooper Johns could have merely testified regarding his discovery, and the photographs could have been published for the jury. This evidence would not have been cumulative because on the first day of trial, Detective Trooper Johns did not correlate the photographs with TR's family. Moreover, as previously stated, defendant's knowing possession of the CSAM was directly at issue in this case. Evidence of TR's family photographs, taken long before defendant knew TR, could have directly proved that the flash drive belonged to TR, not defendant. Therefore, any prejudice associated with the admission of the photographs did not substantially outweigh their probative value.

The harmless-error standard presumes that a preserved evidentiary error "is not a ground for reversal unless after an examination of the entire cause, it shall affirmatively appear that it is more probable than not that the error was outcome determinative." *People v Lukity*, 460 Mich 484, 495-496; 596 NW2d 607 (1999) (quotation marks omitted). "An error is outcome determinative if it undermined the reliability of the verdict and, in making this determination, a court should focus on the nature of the error in light of the weight and strength of the untainted evidence." *People v Musser*, 494 Mich 337, 348; 835 NW2d 319 (2013) (quotation marks and citation omitted).

In this case, the National Center for Exploited and Missing Children provided officers with two separate tips indicating that known CSAM was found on Yahoo and Facebook—the tips provided defendant's name and information, including his IP address. After a search warrant was executed, CSAM files were found to have been accessed by defendant's computer, and downloaded onto a flash drive located near defendant's bed.[2] TR and defendant testified that an e-mail containing CSAM was sent from defendant's e-mail to TR's e-mail. Defendant's police interview consisted of abrasive language and indecent exposure. Moreover, when asked if someone else may have been responsible for downloading the CSAM, defendant responded that he did not think it was his other roommate or his mother; therefore, "it's down to which one of us you believe, [defendant] or [TR] . . . ." However, defendant stated that he was 99.5% sure it was not TR. Finally, defendant wrote two confession letters indicating that he had downloaded CSAM onto a flash drive in an attempt to frame TR.

Although there were some inconsistencies between TR's and defendant's testimonies—notably in regard to who had access to defendant's computer and how the confession letters came about—the jury's verdict displayed that they believed TR's accounting of the facts. "The credibility of witnesses and the weight accorded to evidence are questions for the jury, and any conflict in the evidence must be resolved in the prosecutor's favor." *People v Harrison*, 283 Mich

---

[2] Although TR occasionally slept in defendant's bed, he maintained a separate bedroom at defendant's house. TR testified that the only things that he stored in defendant's room were his stereo and lamp.

App 374, 378; 768 NW2d 98 (2009). "[W]e will not resolve credibility issues anew on appeal." *People v Milstead*, 250 Mich App 391, 404; 648 NW2d 648 (2002).

We conclude that when considering all the evidence together, it does not affirmatively appear, more probable than not, that the exclusion of the funeral photographs undermined the reliability of the verdict. Therefore, the trial court's error was not outcome-determinative, and reversal is not warranted. See *Lukity*, 460 Mich at 495-496.

Affirmed.

/s/ Michelle M. Rick
/s/ Kathleen Jansen
/s/ Anica Letica